UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN MEISNER, individually and on       CIVIL ACTION
behalf of the estate of his minor
children, STORM MEISNER, BLAKE
MEISNER, and BRAEDEN MEISNER, and
his wife, PAMELA MEISNER

VERSUS                        NO: 10-1837

ALLSTATE INSURANCE COMPANY, BETTY      SECTION: R(4)
CIALONA, PROGRESSIVE INSURANCE
COMPANY, and ABC INSURANCE COMPANY

## ORDER AND REASONS

In this case stemming from a traffic accident, defendants

Allstate Insurance Company and Betty Cialona move to dismiss

under Fed. R. Civ. P. 12(b)(1).[1]  Because plaintiff has

adequately alleged that his damages meet the amount in

controversy requirement for diversity jurisdiction, the motion is

DENIED.


I.   Background

This case arises out of a traffic accident that took place

on July 1, 2009 in Slidell, Louisiana.  Plaintiff John Meisner

alleges that defendant Betty Cialona, while impaired by drugs or

alcohol, struck the vehicle he was driving.[2]  Plaintiff alleges

that the accident caused him various injuries and that his wife

---

[1]    R. Doc. 14.

[2]    R. Doc. 1.

and children suffered loss of consortium damages.  Plaintiff also alleges that Allstate Insurance Company is Cialona's liability insurer and that Progressive Insurance Company and ABC Insurance Company are plaintiff's uninsured and underinsured motorist carriers.  Allstate and Cialona move to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) on the grounds that the amount in controversy does not exceed $75,000 as required for federal diversity jurisdiction.

## II.  Standard

Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim.  When jurisdiction depends on diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of costs and interest.  28 U.S.C. § 1332. The party invoking federal jurisdiction bears the burden of proving its existence, but a sum claimed by the plaintiff controls the amount in controversy if the claim is apparently made in good faith.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Dismissal is justified only if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount."  *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)) (not dismissing complaint on amount in controversy grounds).

## III. Discussion

Defendants contend that plaintiff's claims do not meet the amount in controversy requirement.  After defendants filed their motion to dismiss, the Court granted plaintiff leave to amend his complaint.[3]  The amended complaint, unlike the original complaint, states that the amount in controversy exceeds $75,000.[4]  The amended complaint further states that "John Meisner suffered severe and disabling injuries including but not limited to two herniated discs in his lumbar spine."[5]  There is no reason to believe that plaintiff has made these allegations in bad faith.  The amount in controversy therefore exceeds $75,000, and this Court has jurisdiction over plaintiff's claims.

Defendants argue that claims by multiple plaintiffs for separate and distinct injuries cannot be aggregated to meet the amount in controversy requirement.  Defendants further argue that punitive damages for multiple plaintiffs cannot be aggregated. There is no indication, however, that aggregation of John Meisner's claims with those of his wife and children is required in order for the amount in controversy to exceed $75,000.  It does not appear to a legal certainty that plaintiff's claim, exclusive of damages suffered by his wife and children and any

---

[3]     R. Doc. 22.

[4]     R. Doc. 23.

[5]     *Id.*

punitive damages to which they may be entitled, is for less than

the jurisdictional amount.

Defendants also contend that Allstate's liability policy is

limited to $50,000 and that the Court therefore has no

jurisdiction over plaintiff's claim against Allstate.  Cialona's

liability is not limited, however, and plaintiff's claim against

her exceeds $75,000.  Although separate and distinct claims

against two or more defendants cannot be aggregated for purposes

of meeting the jurisdictional amount, claims against multiple

defendants can be aggregated if the defendants are liable to the

plaintiff jointly and *in solido*.  *Jewell v. Grain Dealers Mutual*

*Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (citing *Walter v.*

*Northeastern R.R. Co.*, 147 U.S. 370, 373 (1893)) (plaintiff could

not aggregate claims against insurance companies that were not

jointly liable); *Martin v. D.R. Horton, Inc*., No. 07-940-C, 2008

WL 4693397 (M.D.La. Oct. 23, 2008) (not permitting aggregation

because defendants were not solidary obligors); *Failla v. Dynasty*

*Distributors, Inc.*, No. Civ.A. 06-16, 2006 WL 860969 at *3

(E.D.La. Mar. 24, 2006) (same).  Plaintiff has sued the liability

insurer and the insured jointly and *in solido*, as allowed under

Louisiana law.  La. R.S. § 22:1269(B)(1); *Shockley v. Sallows*,

615 F.2d 233, 238 (5th Cir. 1980) (liability insurer and insured

are liable to plaintiff jointly and *in solido*).  Thus, for

jurisdictional purposes, the Court will aggregate the claims

against Allstate and Cialona.  Even if plaintiff is ultimately unable to recover more than $50,000 from Allstate, the Court has jurisdiction over that claim.  *See Fulton v. White Cab Co.*, 305 F.Supp. 1333, 1335 (E.D.La. 1969) (aggregating claims against liability insurers and insured and holding that the amount in controversy requirement was met despite policy limits below the jurisdictional amount).

Finally, defendants note that plaintiff has filed a similar suit in state court and argue that plaintiff is engaging in forum shopping.  Federal diversity jurisdiction, however, permits state and federal courts to exercise concurrent jurisdiction.  *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 n.3 (5th Cir. 1996) (quoting *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 809 (1976)).  Defendants have not put forward any reason for the Court to abstain from exercising jurisdiction.  The Court will therefore exercise diversity jurisdiction in this matter.

## IV.   Conclusion

For the foregoing reasons, Allstate and Cialona's motion to dismiss is DENIED.


New Orleans, Louisiana, this <u>13th</u> day of October, 2010.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE