UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN MEISNER, INDIVIDUALLY                                      CIVIL ACTION
AND ON BEHALF OF THE ESTATE
OF HIS MINOR CHILDREN, SM, BM
& BM, ET AL.

VERSUS                                                          NO: 10-1837

                                                                SECTION: "R" (4)

ALLSTATE INSURANCE
COMPANY, ET AL.

## ORDER

Before the Court is a **Motion to Compel IME (R. Doc. 47)** filed by Defendants Allstate Insurance Company and Progessive Security Insurance Company, seeking an order from this Court requiring Plaintiff Dr. John Meisner[1] ("Dr. Meisner") to appear at an independent medical evaluation ("IME") on February 16, 2012 at 9:00 a.m. and pay Defendants $500.00 for his failure to appear at his previously scheduled IME on November 17, 2011. Defendants also seek attorney's fees. Plaintiffs Dr. John and Pamela Meisner ("Plaintiffs") oppose the motion. (R. Doc. 49.) The motion was heard by oral argument on Wednesday, February 1, 2012.

## I.     Factual Background

This personal injury lawsuit is the result of a car accident that occurred on July 1, 2009. (R. Doc. 1, ¶ V.) Plaintiffs allege that Dr. Meisner was driving his car on Gauze Boulevard in Slidell, Louisiana when Defendant Betty Cialona hit his car and then fled the scene. (R. Doc. 1, ¶¶ V, VI.)

---

[1] During the hearing, counsel for Defendants informed the Court that Plaintiff John Meisner is a medical doctor.

As a result, Plaintiffs allege Dr. Meisner suffered severe and disabling injuries, including two herniated discs in his lumbar spine. (R. Doc. 23, ¶ 2.) Plaintiffs allege that at the time of the collision, Cialona was impaired due to alcohol or drugs, and that her negligence proximately caused Dr. Meisner's injuries. (R. Doc. 1, ¶¶ VII, VIII.) Plaintiffs seek damages for Dr. Meisner's pain and suffering, medical expenses, future impairment of earning capacity, loss of enjoyment of life, disfigurement, and disability against Cialona, Cialona's insurance company, Defendant Allstate Insurance Company, and Plaintiffs' insurance company, Progressive Security Insurance Company. (R. Doc. 1, ¶¶ XI, XII.)

As to the instant motion, Defendants Allstate Insurance Company and Progessive Security Insurance Company ("Defendants") seek an order from this Court requiring Dr. Meisner to appear at an IME on February 16, 2012 at 9:00 a.m., and pay Defendants $500.00 for his failure to appear at his previously scheduled IME on November 17, 2011. Plaintiffs oppose the motion.

## II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) Further, it is well established that "control of discovery is committed to the sound discretion of the

2

trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 35, a court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" when the mental or physical condition of that party is in controversy. Fed.R.Civ.P. 35(a). The court may issue such an order "on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." *Id.*

**III.    Analysis**

In support of their motion, Defendants contend that the parties agreed that Dr. Meisner would undergo an IME with Dr. Richard Corales at 1 p.m. on November 17, 2011. Accordingly, Defendants paid Dr. Corales' office $2,000.00 to confirm and secure the date and time. When Dr. Meisner failed to appear, Defendants contend they lost a $500.00 non-refundable deposit to Dr. Corales. Defendants further state that the parties have agreed to reschedule Dr. Mesiner's IME for February 16, 2012 at 9:00 a.m.

Defendants request: (1) Plaintiffs be required to reimburse Defendants for the $500.00 non-refundable deposit to Dr. Corales within thirty (30) days; (2) Dr. Meisner be required to appear at the IME scheduled for February 16, 2012 at 9:00 a.m.; (3) attorney's fees in the amount of $750.00, in connection with the instant motion. Defendants further argue that this case should be subject to dismissal for failure to prosecute if Dr. Meisner fails to appear at his February 16, 2012 IME, and that Plaintiffs should be required to reimburse Defendants for future lost deposits.

In opposition, Plaintiffs argue that shortly before Dr. Meisner's November 17, 2011 IME,

3

his mother suffered serious burns to her lower body which required him to travel to New York to care for and assist her. Plaintiffs claim Dr. Meisner attempted to contact Dr. Corales' office late in the afternoon on November 16, 2011 to informed them that he would be unable to attend, but that he was unable to speak with anyone in the office. Plaintiffs further argue that because Dr. Meisner has agreed to reschedule his IME for February 16, 2012, and because his failure to appear was beyond his control, he should not be required to reimburse Defendants for the $500.00 non-refundable deposit, or be required to pay Defendants attorney's fees in the amount of $750.00.

During the hearing, Defendants' counsel informed the Court that none of Dr. Corales' staff members nor his after hours answering service received a call or message from Dr. Meisner regarding his inability to attend his IME. Defendants' counsel confirmed that the parties had agreed in writing to Dr. Meisner's previously scheduled IME, and that the parties could not afford additional cancellations and delays, as their trial is currently scheduling to begin in May 2012.

In response, Plaintiffs' counsel conceded that he was not aware that Dr. Meisner did not appear at his IME until approximately one week later. Plaintiffs counsel further conceded that Dr. Meisner does not have an explanation for his failure to contact Dr. Corales' office to inform Dr. Corales that he would be unable to appear at his IME due to a personal emergency.

The Court noted that it is reasonable to expect Dr. Meisner, as a medical doctor, to extend professional courtesy to Dr. Corales by contacting him and informing him that he would be unable to appear at his IME. After considering the parties arguments, the Court ordered Dr. Meisner to reimburse Defendants for the $500.00 non-refundable deposit to Dr. Corales within fifteen (15) days. The Court further compelled Dr. Meisner to appear at his IME on February 16, 2012 at 9:00 a.m. The Court further ordered that if Dr. Meisner fails to comply with the Court's order and appear

4

at his IME on February 16, 2012 at 9:00 a.m., the $750.00 in attorney's fees in connection with the instant motion shall automatically become due and payable to Defendants. See Fed.R.Civ.P. 37(b)(2)(A).

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that Defendants Allstate Insurance Company and Progessive Security Insurance Company's **Motion to Compel IME (R. Doc. 47)** is GRANTED;

**IT IS FURTHER ORDERED** that Dr. Meisner shall reimburse Defendants for the $500.00 non-refundable deposit to Dr. Corales no later than February 16, 2012;

**IT IS FURTHER ORDERED** that Dr. Meisner shall appear at his IME on February 16, 2012 at 9:00 a.m.;

**IT IS FURTHER ORDERED** that if Dr. Meisner fails to comply with this Court's order and appear at his IME on February 16, 2012 at 9:00 a.m., the $750.00 in attorney's fees in connection with this motion shall automatically become due and payable to Defendants. If, however, Dr. Meisner does appear for his IME, Defendant's request for attorney's fees is denied as moot.

New Orleans, Louisiana, this 1st day of February 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**