```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

JOHN MEISNER, ET AL.                    CIVIL ACTION

VERSUS                                  NO: 10-1837

ALLSTATE INSURANCE COMPANY, ET AL.      SECTION: R(4)

### ORDER AND REASONS

Before the Court is plaintiffs' motion for partial summary judgment.[1] Because there is a genuine issue of material fact as to whether Cialona suddenly and unforeseeably lost consciousness at the time of the accident, the Court DENIES plaintiffs' motion.

### I.   BACKGROUND

This dispute arises out of an automobile accident that occurred on July 1, 2009 involving a vehicle operated by Betty Cialona and a vehicle operated by the plaintiff, John Meisner. At the time of the accident, Allstate insured Cialona's vehicle. According to the police report, Meisner informed the investigating officer that he was stopped at a red light at the intersection of Gause Boulevard and Lindberg Drive when Cialona's vehicle hit the rear passenger side of his car. He further stated that Cialona "continued to drive[] until [she] was stopped in the parking garage of Slidell Memorial Hospital."[2] The police

---

  [1]    R. Doc. 56.

  [2]    R. Doc. 72-1 at 6.

report also notes that "[d]ue to a medical emergency, possibly a stroke, the driver of Vehicle One [Cialona] did not remember that she was in an accident and could not... [tell the] Officers what had happened."[3]  After the accident, Cialona was admitted to Slidell Memorial Hospital.  The medical records indicate that the reason for her admission was a stroke.[4]  She has since passed away.[5]

On June 25, 2010, Meisner filed a complaint in federal court.  He asserts that Cialona's negligence caused the accident, and he seeks damages for the physical and mental injuries he sustained from the accident.  Plaintiffs now move for partial summary judgment on the issue of liability.  Defendants oppose the motion.[6]

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

---

[3]  *Id.*

[4]  R. Doc. 72-2 at 2.

[5]  Pursuant to Federal Rule of Civil Procedure 25, Allstate filed a notice of Cialona's death with the Court on February 16, 2012. *See* R. Doc. 23.

[6]  R. Doc. 72.

FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

3

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

**III. DISCUSSION**

In Louisiana, drivers of motor vehicles have a duty "not [to] follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La. Rev. Stat. 32:81(A). Because the following driver in a rear-end collision is presumed to have breached this duty, that driver is presumed negligent. *Mart v. Hill*, 505 So.2d 1120, 1123 (La. 1987) ("Louisiana courts have uniformly held that a following motorist in a rear-end collision is presumed to have breached the standard

of conduct prescribed in La. Rev. Stat. 32:81 and hence is presumed negligent"); *Ebab v. Matlock*, 69 So.3d 516, 520 (La. Ct. App. 2011). The following driver, therefore, "bears the burden of exonerating himself." *Domingo v. State Farm Mut. Auto. Ins. Co.*, 54 So.3d 74, 80 (La. Ct. App. 2010) (citing *Hadley v. Doe*, 626 So.2d 747, 750 (La. Ct. App. 1993) ("The presumption of negligence in a rear-end collision is on the following driver and he bears the burden of exonerating himself.").

Louisiana courts have recognized sudden loss of consciousness while driving as a complete defense to an action based on negligence, if the loss of consciousness was unforeseeable. *See Fuller v. State Farm Mut. Auto. Ins. Co.*, 697 So.2d 722, 725 (La. Ct. App. 1997) (explaining that the defense has been recognized, "but with rare success")(citing *Brannon v. Shelter Mut. Ins. Co.*, 507 So.2d 194, 195 (La. 1987)(noting that a sudden and unforeseeable loss of consciousness while driving is a complete defense to a negligence action). The party asserting this affirmative defense "must prove the facts giving rise to the defense by clear and convincing evidence." *Brannon*, 507 So.2d at 197. This means that the fact of unconsciousness must be proven to be "highly probable, that is, much more probable than its nonexistence." *Id.* If the defendant successfully establishes the defense, this "relieves not only the defendant driver, but

5

also his automobile liability insurer...of liability to the injured plaintiff." *Fuller*, 697 So.2d at 725.

Plaintiffs assert that summary judgment on the issue of liability is appropriate because Betty Cialona was the only witness to the accident, aside from Meisner himself, and she did not recall what happened after the accident and has since passed away. Therefore, plaintiffs argue that the defendants cannot overcome the presumption of Cialona's fault. Defendants argue that they have pleaded sudden loss of consciousness as an affirmative defense, and that they have evidence aside from Cialona's testimony to support this defense.

Defendants contend that Cialona suffered a sudden loss of consciousness, caused by a stroke. In support of this assertion, defendants point to the police report indicating that Cialona could not remember any details about the accident "due to a medical emergency, possibly a stroke".[7] Defendants also submit Cialona's medical records from Slidell Memorial Hospital. The records indicate that Cialona was admitted on July 1, 2009, the same date as the accident, because of a stroke. The examining physician's impression of the Cialona is that she suffered a "right sided cerebrovascular accident with left sided

---

[7]   R. Doc. 72-1 at 6.

hemiparesis."[8] Taken together, the report and medical records are sufficient to create an issue of material fact as to whether Cialona lost consciousness while driving due to a stroke. Although none of the evidence defendants submitted addresses the issue of whether any potential loss of consciousness was unforseen, and at trial defendants will have a high burden of proof, defendants have set out specific facts showing that a genuine issue exists, and therefore they have met the burden necessary to overcome a motion for summary judgment. Accordingly, the Court finds that summary judgment on the issue of liability is inappropriate at this time.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiffs' motion for partial summary judgment.

New Orleans, Louisiana, this 12th day of April, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[8] R. Doc. 72-2 at 4.